IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THIRSTY DOG BREWING COMPANY, | ) | |
| 529 Grant Street, Suite B | ) | |
| Akron, Ohio 44311 | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| Sleepy Dog Saloon and Brewery, LLC | ) | (Jury Demand Endorsed Hereon) |
| d/b/a Sleepy Dog Brewery | ) | |
| 7773 East Rovey Ave. | ) | |
| Scottsdale, AZ 85250 | ) | |
| | ) | |
| Defendant. | ) | |
| _____/ | | |

Now comes Plaintiff, Thirsty Dog Brewing Company, by and through its undersigned attorneys, and for its Complaint against Defendant, Sleepy Dog Saloon and Brewery, LLC, a Limited Liability Company of the state of Arizona, doing business as the "Sleepy Dog Brewery" (hereinafter Sleepy Dog), states as follows:

1

## JURISDICTION AND VENUE

1.      This is a civil action for trademark infringement under the Lanham Act, Section 32 (1) (a), 15 U.S.C. § 1114 (1) (a); use of a mark which constitutes a false designation of origin under the Lanham Act, Section 43 (a), 15 U.S.C. § 1125 (a); and common law trademark infringement and unfair competition.

2.      Jurisdiction is proper in this Court by virtue of the provisions of Sections 1331 and 1338 (a) of Title 28 of the United States Code and Section 1121 of Title 15 of the United States Code; this Court has pendant jurisdiction over the associated claims under Section 1338 (b) of Title 28 in that such claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

3.      Venue is proper in this Court pursuant to Section 1391 (b)(2) of Title 28 of the United States Code, as a substantial part of the events giving rise to this cause of action occurred in this district.  Venue is also proper in this Court pursuant to Sections 1391 (b)(1) and 1391 (c) of Title 28 of the United States Code, as Defendant has sufficient contacts with this district to subject it to personal jurisdiction if the district were a separate state, and, therefore, reside within this district.

## THE PARTIES

4.      Plaintiff, Thirsty Dog Brewing Company, is a corporation of the state of Ohio, having its principal place of business at 529 Grant Street, Suite B, Akron Ohio 44311.

5.      Upon information and belief, Defendant, is a limited liability company of the state of Arizona, having its principal place of business at 7773 East Rovey Ave., Scottsdale, AZ 85250.

6.      Upon information and belief, Defendant conducts business under the fictitious name "Sleepy Dog Brewery."

<u>GENERAL ALLEGATIONS</u>

7.      Plaintiff is engaged in interstate commerce in the business of making and selling a variety of beers.

8.      In connection with its sales of beers, Plaintiff obtained a trademark registration on the Principal Register for the mark OLD LEGHUMPER, the same being U.S. Registration No. 2232385 for malt beverages, namely beer and ale.  A copy of the registration certificate evidencing the registration is attached as Exhibit A. A printout from the U.S. Patent and Trademark Office database is attached as Exhibit B, showing the current status and that Plaintiff is the owner of record.

9.      Plaintiff first used the mark OLD LEGHUMPER in interstate commerce at least as early as February 4, 1997.

10.      Plaintiff has continuously used the mark OLD LEGHUMPER in interstate commerce in connection with its sales, distribution and advertisement of its beers, since its first use, and continues to so use the mark through the present date.

3

11.     In connection with its use of the mark OLD LEGHUMPER, Plaintiff provides notice of its registration for the mark by displaying the mark with the appropriate notification as set forth in the Trademark Statute.

12.     Defendant is engaged in interstate commerce in the business of brewing hand crafted beer for wholesale distribution to bars, restaurants, and major grocery and retail chains, and is also engaged in interstate commerce in the business of providing restaurant and bar services, including the selling of beers.

13.     Defendant has adopted and is using the trademark "LEG HUMPER" in connection with the sale of beer, as shown in the photograph of a container of beer that is included in an excerpt from the Sleepy Dog website that is attached as Exhibit C.

14.     The goods and services advertised in connection with Defendant's use of the trademark "LEGHUMPER" consist of malt beverages, and are the same or are related to and are competitive with Plaintiff's sales.

15.     Plaintiff has not given Defendant its consent to use the trademark "LEG HUMPER".

16.     Defendant has advertised on the Internet at http://sleepydogbrewing.com, wherein the trademark "LEG HUMPER" is prominently displayed, as shown in Exhibit D.

17.     By these advertisements, Defendant is using in interstate commerce a reproduction, counterfeit, copy or colorable imitation of Plaintiff's federally registered mark "OLD LEGHUMPER" in connection with the sale and advertising of beers, which use is likely to cause confusion, or to cause mistake, or to deceive, purchasers as to the source, origin and

4

sponsorship of Defendant's goods or services, and to mislead the public into believing that Defendant's goods or services are approved, sponsored or authorized by Plaintiff, or that the integrity of Defendant or its goods or services is vouched for by Plaintiff.

18.　　Upon information and belief, Defendant had knowledge of Plaintiff's federally registered mark and willfully and intentionally used it and colorable imitations thereof in its advertising to palm off its goods and services as those of Plaintiff or cause a likelihood of confusion.

19.　　At least as early as July 1, 2011, Plaintiff informed Defendant Sleepy Dog that it considered Defendant's use of Plaintiff's mark in conjunction with Defendant's sale of malt beverages an infringement of Plaintiff's federal trademark/service mark rights.

20.　　In response to such notification, Defendant has continued to use Plaintiff's marks in interstate commerce.

## COUNT I

21.　　Plaintiff restates each and every averment of Paragraphs 1 through 20, as if fully rewritten.

22.　　Defendant's use of the name "Leg Humper" to refer to itself and its goods in its sale and advertising of malt beverages infringes Plaintiff's exclusive rights in its federally registered mark OLD LEGHUMPER, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

5

23.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless restrained by this Court.

<u>COUNT II</u>

24.     Plaintiff restates each and every averment of Paragraphs 1 through 23, as if fully rewritten.

25.     Defendant's use of the name "Leg Humper" to refer to itself and its goods in its sale and advertising of malt beverages is likely to cause confusion and mistake, and deceive as to Defendant's affiliation, connection or association with Plaintiff, and origin, sponsorship and approval of Defendant's goods and commercial activities by Plaintiff, in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

26.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless restrained by this Court.

<u>COUNT III</u>

27.     Plaintiff restates each and every averment of Paragraphs 1 through 26 as if fully rewritten.

28.     Defendant's use of the name "Leg Humper" to refer to itself and its goods in its sale and advertising of malt beverages constitutes common law trademark infringement and unfair competition.

29.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless restrained by this Court.

<u>JURY DEMAND</u>

Plaintiff Thirsty Dog Brewing Company demands a jury trial on all issues so triable in this matter.

WHEREFORE, Plaintiff prays that this Court:

A.     Preliminarily and permanently enjoin Defendant, its employees, agents, distributors, sales representatives, and all persons in active concert or participation with it who receive notice of such injunction, from infringing Plaintiff's federally registered trademarks in any manner, whatsoever, and, more specifically, from:

1.     Referring to itself or its goods as "Leg Humper" or any confusingly similar variation thereof, on or in any label, packaging, advertisement or promotional activity; and

2.     Maintaining an Internet presence that infringes Plaintiff's federally registered marks;

B.     Order the impounding and destruction of all of Defendant's goods, labels, packaging, and advertising that infringes Plaintiff's marks;

C.     Find Defendant's infringement to be willful;

D.     Award Plaintiff Defendant's profits derived from Defendant's use of Plaintiff's federally registered mark in Defendant's advertising, and order Defendant to account to Plaintiff for the same;

E.     Award Plaintiff actual damages;

F.     Treble the award of profits/damages to Plaintiff;

7

G. Award Plaintiff, at its election, statutory damages for violation of 15 U.S.C. § 1125 (d) (1).

H. Award Plaintiff reasonable attorney's fees;

I. Award Plaintiff interest and costs; and

J. Award Plaintiff such other and further relief as this Court shall find Plaintiff due under the law or in equity.


Respectfully submitted,

/s/Tama L. Drenski
Tama L. Drenski (0076209)
tldrenski@rennerkenner.com
Ray L. Weber (0006497)
rlweber@rennerkenner.com
RENNER, KENNER, GREIVE, BOBAK,
 TAYLOR & WEBER
106 South Main Street, Suite 400
First National Tower
Akron, Ohio 44308-1412
Telephone:  (330) 376-1242
Facsimile: (330) 376-9646

Attorneys for Plaintiff,
Thirsty Dog Brewing Company